RECEIVED

NOV 1 8 2015
*KiB*
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | | * | CRIMINAL NO.: 5:15-cr-00240 |
|---|---|---|---|
| | | * | |
| | | * | 18 U.S.C. §§ 1960, 1956(a)(3)(B)-(C) |
| | | * | 18 U.S.C. §§ 1343, 2 |
| | | * | 31 U.S.C. §§ 5313, 5322 |
| VERSUS | | * | 21 U.S.C. § 846 |
| | | * | 18 U.S.C. § 982 |
| | | * | |
| | | * | |
| MICHAEL A. LORD | (1) | * | JUDGE Hicks |
| RANDALL B. LORD | (2) | * | MAGISTRATE JUDGE HORNSBY |

INDICTMENT

THE GRAND JURY CHARGES:

COUNT 1
18 U.S.C. § 371
(Conspiracy to Operate an Unlicensed MSB)

I.      AT ALL TIMES RELEVANT HEREIN:

A.      BITCOIN BACKGROUND

1.      The Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, have been in the bitcoin exchange business since at least 2013.   The Defendants initially used their personal checking accounts in connection with their bitcoin business.   Then the Defendants established and used the following companies to facilitate the sale and transfer of bitcoin:

a.      **MICHAEL A. LORD** has been doing business as (dba) Crypto Processing Solutions since approximately November 2013.

b.      **RANDALL B. LORD** has been dba as Quantum Health since on or about August 2014.

c.      **RANDALL B. LORD** incorporated Data Security LLC and Pelican Mining LLC in the State of Nevada on or about August 13, 2014.

d.      **RANDALL B. LORD** was a chiropractor by training. His license expired on or about December 31, 2007. **RANDALL B. LORD** had various bank accounts titled in the name of Jewella Chiropractic Clinic.

2.      Bitcoin are a decentralized form of electronic or digital currency, existing entirely on the Internet and not in any physical form. The currency is not issued by any government, bank, or company, but rather is generated and controlled automatically through computer software operating on a "peer-to-peer" network. An individual can send and receive bitcoin through peer-to-peer digital transactions or by using a third-party broker. Such transactions can be done on any type of computer, including laptop computers and smart phones.

3.      To acquire bitcoin, a user typically must purchase them from a bitcoin "exchanger." In return for a commission, bitcoin exchangers accept payments of currency in some conventional form (e.g., cash, wire transfer, etc.) and exchange the money for bitcoin based on a fluctuating exchange rate.

4.      Once a user acquires bitcoin from an exchanger, the bitcoin are stored on digital "wallets" associated with a bitcoin "address." A bitcoin wallet is what allows a user to transact with other users. It gives a user ownership of bitcoin balances so a user can send and receive bitcoin.

5.     Only if one knows the identities associated with each bitcoin address involved in a set of transactions is it possible to meaningfully trace funds through the system. Bitcoin transactions are, therefore, described as "pseudonymous," meaning they are partially anonymous.

B.     MONEY TRANSMITTING LAWS

1.     The federal unlicensed money transmitting business statute, Title 18, United States Code, Section 1960, was enacted in 1992 in order to combat the growing use of money transmitting businesses to transfer large amounts of the monetary proceeds of unlawful enterprises.

2.     Financial institutions are defined in the Code of Federal Regulations as "money servicing businesses," ("MSBs") which include money transmitters.  Money transmitting is defined as "the acceptance of currency, funds, or other value that substitutes for currency from one person and the transmission of currency, funds, or other value that substitutes for currency to another location or person by any means."

3.     MSBs are subject to the provisions of the Bank Secrecy Act.  The Bank Secrecy Act and its implementing regulations require, among other things, MSBs to take steps to avoid laundering the proceeds of crime and to report suspicious transactions to law enforcement authorities.   Unlike an ordinary business, MSBs have an independent statutory and regulatory obligation to understand the nature and source of the funds they transmit, and to ensure systems are in place to detect and prevent transactions made with the proceeds of

crime.

4.    It is a violation of federal law to operate an MSB without the appropriate state license and federal registration, or when it otherwise involves the transportation or transmission of funds that are known to have been derived from a criminal offense or intended to be used to promote unlawful activity.  MSBs are required to register with the Financial Crimes Enforcement Network (FinCEN), a bureau of the Department of Treasury within 180 days after the date the business is established.

5.    Bitcoin exchangers such as the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, and their companies are MSBs subject to federal and state laws and regulations.

C.    THE CONSPIRACY

From at least in or about 2013 through on or about the present, the exact dates being uncertain, in the Western District of Louisiana and elsewhere, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, unlawfully, willfully and knowingly, combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, to conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business in violation of Title 18, United States Code, Section 1960.

D.    THE OBJECT OF THE CONSPIRACY

It was a part and an object of the conspiracy for the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, to operate an unlicensed MSB and improperly

obtain funds.

E.       MEANS AND METHODS OF THE CONSPIRACY

Among the means and methods by which the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, would and did carry out the conspiracy were the following:

1.       The Defendant, **MICHAEL A. LORD**, advertised bitcoin services via the internet at https://localbitcoins.com under the username Internet151.

2.       The Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, solicited, accepted and made deposits of quantities of currency and other monetary instruments, including money paks and money orders, into their personal and business bank accounts.  The total value of the deposits made and accepted was more than $3,500,000.

3.       The currency and monetary value accepted by the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, was transferred from their various bank accounts to a virtual currency exchange service which converted the currencies into bitcoin.

4.       During the period relevant to this Indictment, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, and their companies did not obtain licenses to engage in the business of money transmission by the State of Louisiana.

5.      Between 2013 and November 10, 2014, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, and their companies did not register as a money transmitting business with the United States Treasury Department.  From November 10, 2014 to the present, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, and their companies, Crypto Processing Solutions, Quantum Health and Data Security, LLC, did not register as a money transmitting business with FinCEN.

F.    OVERT ACTS

1.      In furtherance of the conspiracy and to affect the illegal object thereof, the following overt acts, among others, were committed in the Western District of Louisiana and elsewhere:

a.      Between on or about April 11, 2014 and April 14, 2014, the Defendant, **MICHAEL A. LORD**, accepted and made cash deposits from third parties into his Wells Fargo Bank, N.A. account ending in -3621 and which were followed by ACH withdrawals by a virtual currency exchanger to purchase bitcoin:

i.      $5,500 in cash deposited on April 11, 2014 followed by a $5,499.99 virtual currency exchange transaction on April 14, 2014. On April 11, 2014, 12.852 bitcoin were purchased for $5,499.99;

ii.      $1,900 in cash deposited on April 11, 2014 followed by a $1,900.01 virtual currency exchange transaction on April 14, 2014.  On April 14, 2014, 4.132 bitcoin were purchased for $1,893.55; and

iii.      $1,780 in cash deposited on April 11, 2014 followed by a $1,779.99 virtual currency exchange transaction on April 14, 2014. On April 11, 2014, 3.308 bitcoin were purchased for $1,500.09.

b.      Between on or about March 31, 2014 and April 1, 2014, the Defendant, **RANDALL B. LORD**, accepted and made cash deposits and money orders from third parties into his Wells Fargo Bank, N.A. account for Quantum Health ending in -7772 and which were followed by ACH withdrawals by a virtual currency exchanger to purchase bitcoin:

i.      $1,950 in cash deposited on March 31, 2014 followed by a $1,949.99 virtual currency exchange transaction on April 1, 2014.  On April 4, 2014, 4.2251 bitcoin were purchased for $1,949.99; and

ii.      $1,856.65 in money orders deposited on March 31, 2014 followed by a $1,856.62 virtual currency exchange transaction on April 1, 2014.  On April 4, 2014, 3.6905 bitcoin were purchased for $1,856.62.

2.      The allegations contained in Count 2 are re-alleged and incorporated by reference as though set forth in full herein as additional overt acts, all in violation of Title 18, United States Code, Section 371.  [Title 18, United States Code, Section 371].

<u>COUNT 2</u>
18 U.S.C. §§ 1960(a), (b)(1)-(2) & 18 U.S.C. § 2
(Unlicensed Money Service Business)

From at least in or about 2013 through on or about the present, in the Western District of Louisiana and elsewhere, the Defendants, **MICHAEL A. LORD**

and **RANDALL B. LORD**, unlawfully, willfully, and knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, (a) without an appropriate money transmitting license, and (b) while failing to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5220 and regulations prescribed under such section, to wit, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, transmitted millions of dollars by means including cash, money orders and electronic transfers to and through Louisiana and elsewhere without registering as a money transmitting business under federal law and without obtaining a Louisiana money transmitting license, all in violation of Title 18, United States Code, Sections 1960(a), (b)(1)-(2) and 18 U.S.C. § 2. [18 U.S.C. §§ 1960(a), (b)(1)-(2) & 18 U.S.C. § 2].

<u>COUNT 3</u>
18 U.S.C. §§ 1956(a)(3)(B) & 18 U.S.C. § 2
(Money Laundering)

On or about February 4, 2015, in the Western District of Louisiana and elsewhere, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD,** did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, that is, the exchange of $14,000 in U.S. currency for bitcoin, involving property represented by a person acting at the direction of a federal official to be proceeds of a specified unlawful activity, i.e., the distribution of controlled substances, with the intent to conceal and disguise the nature, source,

ownership, and control of such property, all in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2. [18 U.S.C. § 1956(a)(3)(B) and 18 U.S.C. § 2].

COUNT 4
18 U.S.C. §§ 1956(a)(3)(C) & 18 U.S.C. § 2
(Money Laundering)

On or about February 4, 2015, in the Western District of Louisiana and elsewhere, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD,** did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, that is, the exchange of $14,000 in U.S. currency for bitcoin, involving property represented by a person acting at the direction of a federal official to be proceeds of a specified unlawful activity, i.e., the distribution of controlled substances, with the intent to avoid a reporting requirement under federal and state law, by structuring the bank deposit of a portion of the $14,000 in U.S. currency received in one transaction, all in violation of Title 18, United States Code, Sections 1956(a)(3)(C) and 2.  [18 U.S.C. § 1956(a)(3)(C) and 18 U.S.C. § 2].

COUNT 5
31 U.S.C. §§ 5313, 5322 & 18 U.S.C. § 2
(Failure to File CTRs)

A.     When a domestic financial institution is involved in a transaction for the deposit, withdrawal, exchange of currency, or other payment or transfer, of United States coins or currency in an amount greater than $10,000, the domestic financial institution shall file a Currency Transaction Report ("CTR") with respect to such transaction or transactions with the Financial Crimes Enforcement Network (FinCEN) within 15 days of the reportable cash transaction.  31 U.S.C. §

5331(a).  The CTR must contain the name, address and taxpayer information of the person from whom the cash was received and the amount of cash deposited, withdrawn, exchanged for currency, or other payment or transfer.

B.     On or about February 19, 2015, in the Western District of Louisiana, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, did knowingly and willfully fail to file a Currency Transaction Report as required under Title 31, United States Code, Section 5313 and any regulation prescribed under any such section, all in violation of Title 31, United States Code, Sections 5313 and 5322 and Title 31, Code of Federal Regulations, Part 103, recodified as Title 31, Code of Federal Regulations, Chapter X (effective March 1, 2011) and Title 18, United States Code, Section 2.  [31 U.S.C. §§ 5313, 5322 and 18 U.S.C. § 2].

<u>COUNT 6</u>
18 U.S.C. §§ 1956(a)(3)(B) & 18 U.S.C. § 2
(Money Laundering)

On or about February 24, 2015, in the Western District of Louisiana and elsewhere, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD,** did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, that is, the exchange of $19,000 in U.S. currency for bitcoin, involving property represented by a person acting at the direction of a federal official to be proceeds of a specified unlawful activity, i.e., the distribution of controlled substances, with the intent to conceal and disguise the nature, source, ownership, and control of such property, all in violation of Title 18, United States Code, Sections 1956(a)(3)(B) and 2.  [18 U.S.C. § 1956(a)(3)(B) and 18 U.S.C. § 2].

<u>COUNT 7</u>
18 U.S.C. §§ 1956(a)(3)(C) & 18 U.S.C. § 2
(Money Laundering)

On or about February 24, 2015, in the Western District of Louisiana and elsewhere, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD,** did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, that is, the exchange of $19,000 in U.S. currency for bitcoin, involving property represented by a person acting at the direction of a federal official to be proceeds of a specified unlawful activity, i.e., the distribution of controlled substances, with the intent to conceal and disguise the nature, source, ownership, and control of such property, and with the intent to avoid a reporting requirement under federal and state law, by structuring the bank deposit of a portion of the $19,000 in U.S. currency received in one transaction, all in violation of Title 18, United States Code, Sections 1956(a)(3)(C) and 2.   [18 U.S.C. § 1956(a)(3)(C) and 18 U.S.C. § 2].

<u>COUNT 8</u>
31 U.S.C. §§ 5313, 5322 & 18 U.S.C. § 2
(Failure to File CTRs)

A.    The allegations of Count 5 paragraph A are re-alleged and incorporated by reference as though set forth in full herein.

B.    On or about March 11, 2015, in the Western District of Louisiana, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, did knowingly and willfully fail to file a Currency Transaction Report as required under Title 31, United States Code, Section 5313 and any regulation prescribed under any such

section, all in violation of Title 31, United States Code, Sections 5313 and 5322 and Title 31, Code of Federal Regulations, Part 103, recodified as Title 31, Code of Federal Regulations, Chapter X (effective March 1, 2011) and Title 18, United States Code, Section 2. [31 U.S.C. §§ 5313, 5322 and 18 U.S.C. § 2].

COUNTS 9-14
18 U.S.C. §§ 1343 & 18 U.S.C. § 2
(Wire Fraud)

A.    BACKGROUND

1.    The allegations contained in Count 1 including subparagraphs are re-alleged and incorporated by reference as though set forth in full herein.

2.    The Defendants utilized a number of Card Processors in connection with their bitcoin business including the following:

a.    Chase Paymentech a credit and debit card processor associated with JPMorgan Chase Bank, N.A.

b.    Merchant One, Inc. a credit and debit card processor associated with Wells Fargo Bank, N.A.

c.    National Processing Company ("NPC") and PaySimple credit and debit card processors associated with Fifth Third Bank.

d.    TransFirst, LLC a credit and debit card processor associated with Synovus Bank dba Columbus Bank and Trust Company and with Wells Fargo Bank, N.A.

3.    The Card Processors classified bitcoin related businesses as high-risk subject to particularized underwriting or excluded such merchants altogether.

B.    THE SCHEME AND ARTIFICE TO DEFRAUD

The primary object of the scheme and artifice to defraud was to conceal the true nature of the business conducted under the name Jewella Chiropractic Clinic and Quantum Health and thereby obtain the ability to process credit and debit cards when exchanging bitcoin for currency and funds.

C.    MANNER AND MEANS OF ACCOMPLISHING THE SCHEME AND ARTIFICE TO DEFRAUD

1.    Beginning in May 2014 and continuing until July 2015, in the Western District of Louisiana and elsewhere, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud the Card Processors, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly cause to be transmitted by means of a wire communication in interstate commerce the writings, signs, signals, pictures, and sounds.

2.    It was part of the scheme and artifice to defraud that the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, submitted applications to the above-listed Card Processors that misrepresented their business activities.

    a.    On or about May 23, 2014, the Defendant, **RANDALL B. LORD**, submitted a merchant application to Chase Paymentech and described his business as Jewella Chiropractic Clinic.   After being approved by Chase Paymentech, approximately $117,000 in transactions were processed and payments were sent to a JPMorgan Chase Bank, N.A. account titled Jewella Chiropractic Clinic.   The descriptions associated with the card transactions were mislabeled (such as chakra realignment, mood counseling, spiritual tuneup, karama cleansing, etc.) to conceal the actual purpose of the transaction, which was to purchase bitcoin with funds from the credit and debit cards.

    b.    On or about August 14, 2014, the Defendant, **RANDALL B. LORD**, submitted a merchant application to Merchant One and falsely described his business as Quantum Health, a health clinic.   A pamphlet submitted with the application falsely stated that Quantum Health was providing energy medicine to conceal the actual purpose of the business, which was to purchase bitcoin with funds from the credit and debit cards.   After being approved by Merchant One, approximately $2,232 in transactions were processed and payments were sent to a Regions Bank account titled Quantum Health.

    c.    On or about November 12, 2014, the Defendant, **RANDALL B. LORD**, submitted a merchant application to PaySimple/NPC and falsely described his business as Quantum Health, a health services and chiropractic business to conceal the actual purpose of the business, which was to purchase bitcoin with funds from the credit and debit cards.   After being approved

by PaySimple/NPC, approximately $162,155 in transactions were processed and payments were sent to a Ouachita Independent Bank account titled Quantum Health.

        d.    On or about December 2, 2014, the Defendant, **RANDALL B. LORD**, submitted a merchant application to TransFirst and falsely described his business Quantum Health, as a medical services company to conceal the actual purpose of the business, which was to purchase bitcoin with funds from the credit and debit cards.  Payments were authorized to be processed into an Ouachita Independent Bank account titled Quantum Health.  After being approved by TransFirst, Quantum Health was subjected to an underwriting review.  On or about April 30, 2015, the Defendant, **RANDALL B. LORD**, submitted another merchant application to TransFirst.

        3.    It was further part of the scheme and artifice to defraud that the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, created false invoices for services to further mislead the Card Processors about their actual business activities.

        4.    On or about each of the dates set forth below, in the Western District of Louisiana and elsewhere, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud the Card Processors, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly cause to be transmitted by means of a

wire communication in interstate commerce the writings, signs, signals, pictures, and sounds described below for each count between Shreveport, Louisiana and other states, that is, electronic submission of the below described documents to the Card Processors:

| Count | Date of Wire Communication | Card Processor | Description |
|-------|---------------------------|----------------|-------------|
| 9. | 5/23/2014 | Chase Paymentech | Merchant application submitted to Chase Paymentech |
| 10. | 8/14/2014 | Merchant One | Merchant application submitted to Merchant One |
| 11. | 11/12/2014 | PaySimple/NPC | Merchant application submitted to PaySimple/NPC |
| 12. | 12/2/2014 | TransFirst | Merchant application submitted to TransFirst |
| 13. | 12/4//2014 | TransFirst | Quantum Health invoice dated 12/3/2014 submitted to TransFirst |
| 14. | 4/30/2015 | TransFirst | Merchant application submitted to TransFirst |

all in violation of Title 18, United States Code, Sections 1343 and 2.  [18 U.S.C. §§ 1343 and 2].

COUNT 15
(21 U.S.C. § 846)
Drug Conspiracy

Beginning approximately March 2015, and continuing through on or about the present, the exact dates being unknown, in the Western District of Louisiana and elsewhere, the Defendant, **MICHAEL A. LORD**, and other persons known and unknown to the Grand Jury, did knowingly and intentionally conspire and agree together to distribute and to possess with the intent to distribute controlled dangerous substances to include Alprazolam, a Schedule IV controlled substance, in

violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 846, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846. [21 U.S.C. §§ 841(a)(1) and 846].

FORFEITURE ALLEGATION

1.    The allegations in Counts 1-4, and 6-7 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1) and Title 21, United States Code, Section 853.

2.    Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, shall forfeit to the United States of America any property, real or personal, involved in the offense or traceable to such property.

3.    The allegations in Counts 9-14 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2) and Title 21, United States Code, Section 853.

4.    Pursuant to Title 18, United States Code, Section 982(a)(2), upon conviction of an offense, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, shall forfeit to the United States of America any property constituting or derived from proceeds the Defendants obtained directly or indirectly as the result of said violations as set forth in this Indictment.

5.    The allegations in Counts 5 and 8 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 31, United States Code, Section 5317(c)(1).

6.    Pursuant to Title 31, United States Code, Section 5317, upon conviction of an offense in violation of Title 31, United States Code, Sections 5313 and 5322, the Defendants, **MICHAEL A. LORD** and **RANDALL B. LORD**, shall forfeit to the United States of America all property, real or personal, involved in the offense alleged in Counts 5 and 8, and any property traceable thereto.

7.    The allegations in Count 15 are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853, Rule 32.2(a) of the Federal Rules of Criminal Procedure.

8.    Upon conviction of the controlled substances offense alleged in Count 15, the Defendant, **MICHAEL A. LORD**, shall forfeit to the United States all of his interest in:

a.    Any property consisting or derived from proceeds the Defendant obtained directly or indirectly as the result of said violations as set forth in this Indictment and,

b.    Any property used or intended to be used in any manner or part to commit or facilitate the commission of the aforementioned violations.

9.    If any of the property described above, as a result of any act or omission of the Defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title

18, United States Code, 981(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

*REDACTED*

GRAND JURY FOREPERSON

STEPHANIE A. FINLEY
UNITED STATES ATTORNEY

By: _____
CYTHERIA D. JERNIGAN
MA Bar #657960
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA 71101
(318) 676-3600 – office
(318) 676-3663 – fax