SCHEDULING ORDER

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.:   5:15-cr-00240 |
| versus | JUDGE HICKS |
| MICHAEL A. LORD (01)<br>RANDALL B. LORD (02) | MAGISTRATE JUDGE HORNSBY |

**********************

A Status Conference was held before Magistrate Judge Hornsby on March 17, 2016. Present for the Government was Cytheria Jernigan and present for Defendants was Paul Carmouche. Counsel for Defendants made an oral motion to continue the trial of this case beyond the seventy days allowed by the Speedy Trial Act and to set the case for trial as set forth below in this Scheduling Order.  Given the complexity of the discovery in this case and the nature of the pending charges, and Defendant's need for additional time to file motions, the court finds that this additional time is reasonable and necessary for effective preparation by counsel for Defendants' and the Government, taking into account the exercise of due diligence.  The court finds that the ends of justice served by granting this continuance outweigh the public's and Defendants' rights in a speedy trial.  Accordingly;

A **pretrial conference** will be held in the chambers of **Judge Hicks** on **August 10, 2016** at **3:00 p.m.**  Attendance by trial counsel is required.  **TRIAL** is **SET** before Judge Hicks  during the term commencing **September 12, 2016** at **8:30 a.m.** The court will set aside 7 days for trial.

The **plea deadline** is **April 20, 2016**. If a written plea agreement signed by defendant and all counsel is not filed with the court (and a copy delivered to the trial judge's chambers) by the close of business on that date, no guilty plea will thereafter be accepted by the court except straight up to all counts.

Any request for subpoenas under Rule 17(b), by a defendant unable to pay, must be filed not less than 2 weeks before trial. Any motions for writ of habeas corpus ad testificandum, to produce witnesses who are currently incarcerated, must be filed at least 3 weeks before trial and must describe specifically why the testimony is necessary for an adequate defense. Late requests or motions may result in imposition of costs upon counsel personally.

The defendant will be allowed until **May 4, 2016** to file any additional motions. If any such motions are deemed to require an evidentiary hearing, counsel should so advise the court by letter when the motion is filed.

Pretrial Conference

For discussion at the pretrial conference, counsel will file a list of **ALL** foreseeable issues that will arise on admissibility of evidence, burden of proof, whether any unusual or non-pattern jury charges are needed, and any other issues that can or must be dealt with in advance of trial. The purpose to be served is to eliminate, to the extent possible, delays during the course of the trial, and to permit advance preparation and research of issues expected to be raised at trial. The issue list will include counsel's opinion whether a pretrial

hearing will be necessary to resolve any of these foreseeable issues. Examples of such issues which may require a hearing are, but are not limited to:

1. Extrinsic evidence questions under Beechum;
2. Voluntariness of statements under 18 U.S.C. §3501;
3. Admissibility questions, whether or not an evidentiary hearing would be required; or
4. Any other issue resolvable by a pretrial hearing.

The list of foreseeable issues should be filed by the close of business on **August 3, 2016**.

The following topics will also be discussed at the pretrial conference:

1. Estimated time required by each side to put on its case;
2. Marking of documents for identification;
3. Waivers of foundation of documents where possible;
4. Exchange of curriculum vitae of expert witnesses and/or stipulation of expert qualifications;
5. Pending discovery problems;
6. Consideration of making Jencks Act material available to the defendant prior to the testimony of all witnesses;
7. Jury instruction/voir dire problems; and
8. Any other relevant matter necessary for the smooth progress of the trial.

All counsel are requested to furnish this court with suggested voir dire questions in addition to those regularly asked by the court. Counsel should also submit a set of requested jury instructions. Fifth Circuit Pattern Jury Instructions (West Publishing Co.) requested by

the parties should be referenced only by their numbers. Each non-pattern instruction will be accompanied by a brief stating the statutory and/or jurisprudential authority for the instruction. Fifth Circuit authority is preferable. A simple case citation will not be sufficient. This information should be presented to the court by close of business on **August 3, 2016.**

Other Requirements

A courtesy copy of all material required by this Minute Entry should be submitted **in both paper and electronic formats** directly to chambers in order to facilitate prompt attention to all matters. The electronic copy should be e-mailed to motions_hicks@lawd.uscourts.gov. All electronic submissions must be in either Word Perfect or Rich Text Format.

**March 23, 2016**

[00:30]

Mark L. Hornsby
U.S. Magistrate Judge