RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE   4 / 19 / 16
BY_____ DM _____

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 5:15-cr-00240-01 |
| | * | |
| | * | |
| VERSUS | * | |
| | * | |
| | * | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL A. LORD | * | MAGISTRATE JUDGE HORNSBY |

## PLEA AGREEMENT

### A.   INTRODUCTION

1.    This document contains the complete plea agreement between the Government and **MICHAEL A. LORD**, the Defendant.  No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exists unless it is committed to writing in an amendment attached to this document and signed by the Defendant, an attorney for the Defendant, and an attorney for the Government.  The terms of this plea agreement are only binding on the Defendant and the Government if the Court accepts the Defendant's guilty plea.

### B.   THE DEFENDANT'S OBLIGATIONS

1.    **MICHAEL A. LORD** shall appear in open court and plead guilty to **Count One** and **Count Fifteen** of the Indictment pending in this case;

2.    Defendant agrees to provide the United States Probation Office and the United States Attorney's Office with a signed, sworn financial statement, which

accurately reflects the Defendant's financial condition, within two weeks after entering the plea contemplated by this agreement. Defendant further agrees that this financial statement will be made in a form provided by or acceptable to the United States Attorney. Additionally, the Defendant will give the United States Attorney's Office and the Probation Office full access to the Defendant's bank and other financial records and does now waive any rights to financial privacy that the Defendant may have under federal or state statutes or regulations.

3.     Defendant further agrees to sign any Internal Revenue Service form or other form presented by the Government in order for the Government to have access to all of the Defendant's income tax returns, including personal, corporations, or trusts to which Defendant  may have participated in or signed.  Defendant acknowledges that failure to provide an accurate financial statement and tax return information within the time noted is a violation of this Plea Agreement and will be a basis for the United States Attorney to move to set aside the plea.

C.     THE GOVERNMENT'S OBLIGATIONS

1.     If the Defendant completely fulfills all of his obligations and agreements under this plea agreement, the Government agrees it will not prosecute the Defendant for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the Indictment, and will dismiss any remaining counts in the Indictment at sentencing.

2.     The Government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the Defendant to receive a one point reduction in his offense level

should that offense level be 16 or greater, as the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

D.  SENTENCING

**MICHAEL A. LORD** understands and agrees that:

1.  the maximum punishment on **Count One** is a term of imprisonment of not more than five (5) years (pursuant to 18 U.S.C. § 371), and a fine of not more than $250,000.00 (pursuant to 18 U.S.C. § 3571); the maximum punishment on **Count Fifteen** is a term of imprisonment of not more than five (5) years and a fine of not more than $250,000.00 (pursuant to 21 U.S.C. § 841(b)(2));

2.  he shall be required to pay a special assessment of $200 **at the time of the guilty plea** by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court;"

3.  he may receive as to **Count One** a term of Supervised Release of not more than three (3) years in length in addition to any term of imprisonment imposed by the Court; he shall receive as to **Count Fifteen** a term of Supervised Release of at least three (3) years in length in addition to any term of imprisonment imposed by the Court, as mandated by 21 U.S.C. § 841(b)(1)(C);

4.    a violation of any condition of Supervised Release at any time during the period of Supervised Release may result in the Defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

5.    the period of incarceration for a violation of a condition of Supervised Release could be as much as the full term of Supervised Release initially ordered by the Court regardless of the amount of time of the Supervised Release the Defendant had successfully completed;

6.    in addition to the penalties set forth in the preceding paragraphs, the Court must order restitution in this case and the Defendant agrees that restitution in this case is not limited to the amounts or victims referred to in the specific charges to which he has pled guilty and will be determined by the Court after a complete review of the evidence developed in the investigation of this case by the Government and further investigation by the Probation Office as contained in the Presentence Report;

7.    any fine and/or restitution imposed as part of the Defendant's sentence will be made due and payable immediately, that the Defendant will be held liable for all restitution jointly and severally with all co-defendants, and any federal income tax refund received by the Defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

8.    as part of the presentence investigation, the Government will make available to the Court all evidence developed in the investigation of this case;

9.    this case is governed by the Sentencing Reform Act, as modified by United States v. Booker, 543 U.S. 220 (2005), that he has discussed the Sentencing Guidelines and their applicability with his counsel, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

10.    the sentencing judge alone will decide what sentence to impose; and

11.    the failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E.    FORFEITURE

1.    The Defendant agrees to forfeit all interests he owns or over which he exercises control, directly or indirectly, in any asset that is subject to forfeiture to the United States either directly or as a substitute for property that was subject to forfeiture but is no longer available for the reasons set forth in 21 U.S.C. § 853(p). With respect to any asset which the Defendant has agreed to forfeit, the Defendant waives any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

2.    The Defendant agrees to fully and truthfully disclose the existence, nature and location of all assets forfeitable to the United States, either directly or

as a substitute asset, in which he, his co-defendants and his co-conspirators have or had any direct or indirect financial interest, or exercise or exercised control, directly or indirectly, during the period from 2013 to the present.  The Defendant also agrees to fully and completely assist the United States in the recovery and forfeiture of all such forfeitable assets.  As part of this cooperation, the Defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of all such forfeitable assets and to provide and/or consent to the release of the Defendant's federal and state income tax returns for the previous three years.  The Defendant understands and agrees that the United States will use the financial information when making its recommendation to the Court regarding the Defendant's acceptance of responsibility for the offenses charged in the indictment.

3.   The Defendant understands and agrees that in the event the United States learns of a knowing misrepresentation by the Defendant on, or in connection with, the financial information disclosed to the United States, and in the event that such nondisclosure or misrepresentation involves assets valued at more than $1,000, the United States may, at its option: (1) be released from all of its obligations under this plea agreement, or (2) let the plea agreement stand and take other action as it deems appropriate.

4.   The Defendant agrees that the United States may institute civil judicial or administrative forfeiture proceedings against all forfeitable assets in

which the Defendant has an interest, and that he will not contest any such forfeiture proceedings.

5.      The Defendant agrees to take all necessary steps to comply with the forfeiture matters set forth herein before his sentencing.

F.      REINSTATEMENT OF ORIGINAL INDICTMENT

1.      **MICHAEL A. LORD** understands and agrees that should this plea be overturned for any reason at a later date, the Indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the Government.

G.      SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE
        DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, **MICHAEL A. LORD**.   It accurately and completely sets forth the entire plea agreement.   I concur in **MICHAEL A. LORD** pleading guilty as set forth in this plea agreement.

Dated: 4/13/2016

PAUL J. CARMOUCHE
Attorney for the Defendant

I have read this plea agreement and have discussed it with my attorney.   I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will.   No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: _4-13-2016_                          _Michael Lord_
                                                    MICHAEL A. LORD
                                                    Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

                                                    STEPHANIE A. FINLEY
                                                    United States Attorney

Dated: _April 13, 2016_                     _[signature]_
                                                    CYTHERIA D. JERNIGAN
                                                    Assistant U.S. Attorney
                                                    MA Bar # 657960