UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00240-01/02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL A. LORD (01) AND RANDALL B. LORD (02) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Defendants Michael Lord and Randall Lord have been convicted under 18 U.S.C. § 371 of conspiracy to operate an unlicensed money service business in violation of 18 U.S.C. § 1960. See Record Document 42 (transcript of guilty plea hearing). Defendant Michael Lord has also been convicted of participating in a drug conspiracy in violation of 21 U.S.C. § 846. See id. The Court held a sentencing hearing in the instant action on May 23 and 24, 2017. See Record Document 68 (minutes of sentencing hearing). At that hearing, the Court orally imposed a term of imprisonment for each Defendant in this action, but reserved a ruling on the matter of criminal forfeiture of property until a hearing could be held on the matter of forfeiture. See id. The Court set a hearing on the issue of forfeiture for June 5, 2017. See id. The Court has not yet issued a judgment in the instant action.

"Criminal forfeiture statutes empower the Government to confiscate property derived from or used to facilitate criminal activity." Honeycutt v. United States, 2017 U.S. LEXIS 3556 at *7 (June 5, 2017) (slip op.). The indictment states that the Government seeks forfeiture of property from the Defendants under 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853. See Record Document 2 at 17-19, ¶¶ 1-9. Each Defendant agreed in his

plea agreement to forfeit "all interests he owns or over which he exercises control, directly or indirectly, in any asset that is subject to forfeiture." Record Documents 34 and 35 at ¶ E 1. Forfeiture under 21 U.S.C. § 853 is available against "any person convicted of a violation of this title [Title 21] or title III punishable by imprisonment for more than one year." Michael Lord was convicted of participating in a drug conspiracy in violation of 21 U.S.C. § 846. See Record Document 42. Thus, forfeiture of property related to the drug conspiracy is available to the Government with respect to property owned by Michael Lord that meets the requirements of that section.

However, before the hearing, the Court discovered a potential issue with the availability of criminal forfeiture under 18 U.S.C. § 982(a)(1). The Government's claim for forfeiture primarily rests upon this provision, as the Government seeks a money judgment of more than $2.6 million under this provision against Defendants for the property "involved in" or "traceable to" the offense under 18 U.S.C § 371 of conspiring to operate an unlicensed money service business in violation of 18 U.S.C. § 1960. See Record Documents 36 (the Government's Interim Motion for Forfeiture of Property) and 63 at 6-7 (table of deposits into bank accounts related to Defendants' bitcoin exchange business).

Subsection (a)(1) of 18 U.S.C. § 982 states that:

> The court, in imposing sentence on a person convicted of an offense *in violation of section 1956, 1957, or 1960 of this title* shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property

(emphasis added). Two other subsections of this statute provide for forfeiture when specific crimes are committed. See 18 U.S.C. § 982(a)(3) and (7). Other subsections of 18 U.S.C. § 982(a), however, provide for forfeiture when a defendant has been convicted of "a violation of" specific federal criminal statutes "*or a conspiracy to violate*" those federal

criminal statutes. 18 U.S.C. § 982(a)(2); see also 18 U.S.C. § 982(a)(5), (6), and (8) (emphasis added).

Both Michael and Randall Lord have pleaded guilty to and been sentenced to a term of imprisonment under 18 U.S.C. § 371 for the crime of *conspiring to* operate an unlicensed money service business in violation of 18 U.S.C. § 1960. The Court's Memorandum Ruling denying Defendants' Motion to Withdraw their guilty pleas on this count was partially based on the language of 18 U.S.C. § 1960, as that statute is the underlying criminal statute that Defendants pleaded guilty to conspiring to violate. See United States v. Lord, 2017 U.S. Dist. LEXIS 60508 at *9-12 (W.D. La. 2017). Reference to that statute was necessary to resolve the Motion to Withdraw the guilty pleas, as the Government conceded that its evidence did not show that Defendants conspired to violate one subsection of 18 U.S.C. § 1960(b)(1), but nonetheless did show that they had conspired to violate another subsection. See id.

However, neither Defendant has actually been "convicted of an offense in violation of section . . . 1960 of [Title 18]." 18 U.S.C. § 982(a)(1). Conspiracy to commit a criminal offense is a crime that belongs to a class of crimes called inchoate crimes, and it is a separate crime from the underlying offense itself. See Iannelli v. United States, 420 U.S. 770, 777-779 (1975) (explaining why conspiracy and the underlying offense are considered separate offenses and that the Supreme Court has consistently attributed to Congress "a tacit purpose -- in the absence of any inconsistent expression -- to maintain a long-established distinction between offenses essentially different"). As explained above, the forfeiture statute upon which the Government relies provides for forfeiture only when a person is "convicted of an offense *in violation of section 1956, 1957, or 1960 of*

*this title.*" 18 U.S.C. § 982(a)(1) (emphasis added). Other subsections of that same statute expressly provide for forfeiture for commission of certain federal crimes *or* conspiracy to commit those crimes, indicating that if Congress intended to provide for criminal forfeiture for conspiring to violate 18 U.S.C. §§ 1956, 1957, or 1960, it would have expressly done so like it did for these other crimes. See 18 U.S.C.§ 982(a)(2), (5), (6), and (8).

Reading subsection (a)(1) of 18 U.S.C. § 983 to provide for forfeiture for either an underlying violation of 18 U.S.C. § 1960 or a conspiracy to violate that provision under 18 U.S.C. § 371 when other subsections of 18 U.S.C. § 983(a) expressly provide for forfeiture for the crime of conspiracy may violate the canons of construction that (1) statutes should be interpreted as a whole and (2) statutes should be interpreted to avoid rendering any part of their language superfluous. See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., 484 U.S. 365, 371 (1988) ("statutory construction . . . is a holistic endeavor," requiring that statutory provisions be read as part of a whole and not in isolation); see Corley v. United States, 556 U.S. 303, 314 (2009) ("a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant"). Additionally, all forfeiture statutes are at least partially punitive in nature. See Austin v. United States, 509 U.S. 602, 619-22 (1993). Punitive statutes are to be construed strictly. See Huddleston v. United States, 415 U.S. 814, 831 (1974) ("penal laws are to be construed strictly"). Thus, it may be that forfeiture under 18 U.S.C. § 982(a)(1) is unavailable in the absence of a conviction for the underlying violation of 18 U.S.C.§ 1960.

Accordingly, the Court hereby **ORDERS** that the parties submit briefing on whether forfeiture under 18 U.S.C. § 982(a)(1) is available under circumstances like those in the

instant action, where Defendants have been convicted under 18 U.S.C. § 371 of conspiracy to violate 18 U.S.C. § 1960, but have not been convicted of an offense under 18 U.S.C. § 1960 itself. The Government's brief is due on June 19, 2017. Defendants' response is due on June 26, 2017. The forfeiture hearing is reset for July 19, 2017, at 1:30 PM.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 6th day of June, 2017.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE