UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 15-cr-00240-01 & 02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL A. LORD (01)<br>RANDALL B. LORD (02) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

At Defendants' arraignment, attorney Paul Carmouche orally moved to enroll as retained counsel for both Defendants. The court then conducted a <u>Garcia</u> inquiry regarding the potential conflict of interest. Specifically, the Court advised Defendants that they were entitled to their own lawyers; that if they could not afford their own lawyers, the court could appoint a separate lawyer for each of them; and that a conflict of interest in sharing a lawyer may appear in several different ways, for example:

(1) Information that a defendant shares in confidence with his lawyer should not be used by the attorney for the benefit of any other person, including the other defendant;

(2) The attorney may subconsciously favor one defendant over the other defendant;

(3) If one defendant wishes to testify as a witness, the attorney could not cross-examine his own client using the client's confidential information; and

(4) At sentencing, one defendant may wish to testify against the other or point the finger at the other in order to reduce his own sentence.

**Page 1 of 2**

The court advised Defendants that there are benefits to sharing a lawyer, such as cost, but in order to do so, their defenses should be aligned. Both Defendants stated that they understood their rights to separate counsel and that they wished to waive those rights and be represented by Mr. Carmouche.

When Defendants appeared before the court for entry of the guilty plea, the court again advised the Defendants of the potential conflict of interest, and both Defendants responded that they still wanted to be represented by Mr. Carmouche.

During the guilty plea and sentencing phase, Defendants maintained consistent positions. Neither Defendant pointed a finger at the other. Instead, Defendants maintained all along that they did not know that their operations were illegal.

Following the conclusion of all proceedings in this court, the court determined that both Defendants were eligible for the appointment of counsel on appeal. For the sake of consistency and economy, Mr. Carmouche, who regularly serves on this court's CJA panel, was appointed to represent both Defendants on appeal. This court does not believe that Mr. Carmouche's representation of both Defendants on appeal poses any additional problems with regard to potential conflicts of interest.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 22nd day of August, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE